OPINION
Frank Johnson, Jr. was found guilty of aggravated robbery, with a firearm specification, by a jury in the Montgomery County Court of Common Pleas, and he was sentenced accordingly. Johnson appeals from his conviction.
The state's evidence established the following scenario. The defense did not call any witnesses.
On the evening of January 17, 1999, Derrick Hilbert went to the City Café on Ludlow Street in downtown Dayton and had a couple of drinks. He left the bar at approximately 11:15 p.m. and walked into the parking lot across the street, where he was approached by a black man wearing a green nylon jacket, black pants, and a black knit hat. The man demanded Hilbert's wallet, and when Hilbert responded that he did not have a wallet, the man drew a gun from his jacket and pointed it at Hilbert's abdomen. The man then demanded Hilbert's cash, and Hilbert produced about $35 in paper money and some change. As the man took Hilbert's money, Hilbert noticed that another patron had exited the City Café. Hilbert ran back toward the bar yelling that he had been robbed by a man with a gun. Hilbert ran directly into the bar, but the other patron, Benjamin Wilson, saw Hilbert's assailant flee on foot heading west on First Street. The police were summoned, and Officer Edwin Strick took statements from Hilbert and Wilson. Officer Strick broadcast a description of the suspect to other units in the area a short time later. Hilbert told Officer Strick that the assailant had brandished a "black fairly short" gun that had had "[n]o cylinder for * * * bullets. I guess it would be one with the clip."
Officers Rodney Barrett and Timothy Gould were on patrol in the "lower Riverview/Salem area" when they heard Officer Strick's broadcast. Suspecting that the assailant might have crossed the Salem Avenue bridge, Officers Barrett and Gould began looking in the Riverview area for anyone matching the description. They observed Johnson "on North William Street just west of West Riverview Avenue" wearing a green nylon jacket, black pants, and a black knit hat. Johnson was walking in the street due to the icy condition of the roads and especially the sidewalks. As the officers approached Johnson from behind in their cruiser, they suspected that he might try to flee, but he seemed to lose his footing on the ice and stopped. The officers searched Johnson for weapons and found none, but they did notice that he was sweating despite the cold temperatures. They reported back to Officer Strick that they had apprehended a man fitting the assailant's description, and Officer Strick brought Hilbert and Wilson to the area where Johnson had been stopped to attempt an identification. Hilbert positively identified Johnson as the man who had robbed him, and Wilson agreed that Johnson matched the description of the man he had seen fleeing from the parking lot across from the City Café.
Johnson was indicted for aggravated robbery with a firearm specification on February 11, 1999. He filed a motion to suppress the identification testimony, but the trial court overruled this motion. Johnson was tried by a jury on June 22 and 23, 1999. The jury found him guilty of aggravated robbery and of the firearm specification. Johnson was sentenced to five years in prison, plus three years of actual incarceration on the firearm specification.
Johnson raises one assignment of error on appeal.
 THE COURT ERRED BY NOT GRANTING DEFENDANT'S RULE 29 MOTION FOR ACQUITTAL SINCE DEFENDANT'S CONVICTION WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF SUFFICIENT EVIDENCE OR BEYOND REASONABLE DOUBT, PRIMARILY BECAUSE OF UNCORROBORATED EVIDENCE OF A ROBBERY AND THE PRESENCE OF A HANDGUN, AND THEREBY VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENT [SIC] OF THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO STATE CONSTITUTION.
Johnson contends that his conviction was supported by insufficient evidence and was against the manifest weight of the evidence. As we have noted in the past, these legal concepts are both qualitatively and quantitatively different. State v. Norton (Dec. 11, 1998), Greene App. No. 97-CA-112, unreported, citing State v. Thompkins (1997),78 Ohio St.3d 380, paragraph two of the syllabus; Dayton v. Crane (Jan 23, 1998), Montgomery App. No. 16608, unreported; State v. Cooper (Sept. 26, 1997), Montgomery App. No. 16095, unreported. Thus, we will address these arguments separately.
Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955), 162 Ohio St. 486. A conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31, 45, 102 S.Ct. 2211,2220, 72 L.Ed.2d 652, 663, citing Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560. In considering the sufficiency of the evidence, the pivotal question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
Insofar as it is pertinent to this appeal, one commits aggravated robbery when he has a deadly weapon on or about his person or under his control while attempting or committing a theft offense, and he either displays the weapon, brandishes it, indicates that he possesses it, or uses it. R.C. 2911.01(A)(1). One commits a theft offense when he knowingly obtains or exerts control over the property of another by threat or intimidation with purpose to deprive the owner of the property. R.C. 2913.02(A)(4)-(5). Based on Hilbert's testimony that Johnson had taken money from him while threatening him with a gun, a rational trier of fact could have found the essential elements of aggravated robbery proven beyond a reasonable doubt. Thus, the trial court did not err in overruling Johnson's Crim.R. 29(A) motion for acquittal based on the insufficiency of the evidence.
When a conviction is challenged on appeal as being against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."Thompkins, 78 Ohio St.3d at 387, citing State v. Martin (1983),20 Ohio App.3d 172, 175. Because the trier of fact sees and hears the witnesses and is particularly competent to decide "whether, and to what extent, to credit the testimony of particular witnesses," we must afford substantial deference to its determinations of credibility. State v.Lawson (Aug. 22, 1997), Montgomery App. No. 16288, unreported. A judgment should be reversed as being against the manifest weight of the evidence only in exceptional circumstances. Martin, 20 Ohio App.3d at 175.
Hilbert testified that Johnson had robbed him at gunpoint across the street from the City Café. He described Johnson's gun with some specificity, although he admitted that he did not have extensive knowledge of guns. He did not show any uncertainty as to whether Johnson had possessed a gun, as Johnson's brief suggests. Wilson's description of the man he had seen running from the parking lot corroborated Hilbert's description of his assailant and matched the description of Johnson's clothing when he was stopped by Officers Barrett and Gould. Officer Barrett's testimony about the perspiration on Johnson's shirt supported the inference that he had been running recently. The jury was free to rely on circumstantial evidence, and it is not clear that the jury lost its way and created a manifest miscarriage of justice in reaching the conclusion that it did. Thus, Johnson's conviction was not against the manifest weight of the evidence.
Evidence regarding the operability of the gun was required to find Johnson guilty of the firearm specification. State v. Murphy (1990),49 Ohio St.3d 206, 208; State v. Henry (July 9, 1999), Montgomery App. No. 17261, unreported. Johnson suggests that evidence regarding the operability of the gun was lacking because Johnson did not explicitly threaten Hilbert with the gun, and thus there was no evidence that the gun was operable. The supreme court has held, however, that where an individual brandishes a gun and implicitly threatens to discharge it at the time of the offense, the threat can be sufficient to satisfy the state's burden of proving that the firearm was operable even if the threat was not expressly stated. Thompkins, 78 Ohio St.3d at 384. In other words, an implied threat may support an inference that the firearm is, in fact, an operable firearm if the circumstances would warrant a reasonable inference to that effect. State v. Nelson (Aug, 18, 1995), Montgomery App. No. 14775, unreported.
In this case, Hilbert testified that Johnson had pointed the gun at his abdomen while demanding cash from him. This type of threat has been held to be sufficient to convey an implied threat and to warrant a reasonable inference that the gun was an operable firearm that could be used to kill or wound the victim. See Henry, supra. Thus, the jury could have reasonably concluded that Johnson's gun had been operable.
Johnson's assignment of error is overruled.
The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.